IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| QUINTON BRIDGES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | No. 1:26-CV-285-H-BV |
| v. | § | |
| | § | |
| JOHN R. PARKER, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Quinton Bridges initiated this civil-rights action and paid the filing fee. Dkt. Nos. 1–2. This case was referred to the undersigned for pretrial management under Special Order 3-251. Dkt. Nos. 1–2, 4. Plaintiff has not filed a complaint that meets the minimum pleading requirements of Federal Rule of Civil Procedure 8(a) and has not established the Court's subject-matter jurisdiction. The undersigned therefore recommends that the United States District Judge dismiss this action without prejudice.

## 1. The Court ordered Plaintiff to file an amended complaint because his pleadings were deficient.

On June 8, 2026, Plaintiff filed a complaint in this Court, naming United States Magistrate Judge John R. Parker as a Defendant. Dkt. No. 1. Plaintiff indicated that this case invokes federal-question jurisdiction based on an alleged violation of Plaintiff's civil rights. *Id.* at 3. But Plaintiff's pleadings included no factual details underlying his claims, stating only that "John R. Parker [committed] Dereliction of Duty 6/2/26 [in the] United States District Court." *Id.* Attached to the complaint was a show-cause order that

Judge Parker issued in another case that Plaintiff filed in this Court. *See* Dkt. No. 1-1; *Bridges v. Lubbock Cnty. Det. Ctr.*, No. 1:26-cv-165, Dkt. No. 8 (N.D. Tex. June 2, 2026). "But Plaintiff provide[d] no additional context for why he believes his civil rights were violated or why he is entitled to relief in this case." Dkt. No. 5 at 2 n.1. The Court determined that Plaintiff's complaint failed to meet Rule 8's minimum pleading standards and did not plausibly invoke this Court's jurisdiction, so it ordered Plaintiff to file an amended complaint curing these deficiencies. *Id.* at 4–5.

Plaintiff then filed an amended complaint containing the following statements: "Didn't follow construing pleading law 8(e)"; "Didn't follow inconsistent claims law 8(3)"; "Committed false statement 18 U.S.C. 1001." Dkt. No. 7 at 4.[1] He also cites Texas Penal Code § 36.06 and maintains that Judge Parker obstructed justice. *Id.* at 3. In addition, Plaintiff specified that the alleged violations occurred in the Abilene Division of the United States District Court for the Northern District of Texas on April 28 and June 2, 2026. *Id.* He seeks compensatory damages. *Id.*

## 2. Plaintiff has not plausibly shown that the Court has subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). They have a duty to examine their own subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Courts

[1] Plaintiff also filed a response to the Court's order, purporting to clarify his claims, Dkt. No. 6, but he filed his amended complaint thereafter, and it remains the operative pleading. Dkt. No. 7.

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[A]bsent jurisdiction conferred by statute, [federal courts] lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

In general, federal courts may only consider a case if it involves a question of federal law or when diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Where "the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Further, even if a plaintiff invokes federal laws, he must plead facts in support to avoid dismissal for lack of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

"[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted); *accord MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (requiring parties to "make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings" (citation omitted)). Thus, "a complaint that simply points to a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim." *Polk v. Castillo*, No. 3:22-cv-1814-S-

BN, 2022 WL 5213356, at *2 (N.D. Tex. Aug. 31, 2022), *R. & R. adopted by* 2022 WL 5213083 (N.D. Tex. Oct. 5, 2022).

Plaintiff has not met his burden of establishing the Court's jurisdiction. He indicates that the Court has federal-question jurisdiction, but he only references the Federal Rules of Civil Procedure, a federal criminal statute, and a provision of the Texas Penal Code. Dkt. No. 7 at 3–4. This is insufficient to confer jurisdiction. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (explaining that federal-question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'" (citation omitted)). First, "the Fifth Circuit has held that the Federal Rules of Civil Procedure are not 'laws' within the meaning of 28 U.S.C. § 1331" and thus "do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place." *Smith v. Chhabra*, No. 3:09–cv–102–WHB–LRA, 2009 WL 1976239, at *3 (S.D. Miss. July 7, 2009) (quoting *Port Drum Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988)). Second, a civil plaintiff alleging that a defendant committed a federal crime fails to invoke this Court's jurisdiction. *GESPA Nicaragua, S.A. v. Inabata Eur. GmbH*, No. EP-17-CV-306-PRM, 2018 WL 6220175, at *7 (W.D. Tex. July 27, 2018) (determining that plaintiff failed to establish court's jurisdiction when he alleged defendants violated federal criminal statute). And the same is true for an alleged violation of state criminal law, particularly where there are no accompanying facts. *Olmstead v. Wright*, No. 5:20-CV-047-H-BQ, 2020 WL 4615174, at *5 n.4 (N.D. Tex. May 15, 2020) (explaining that

"[b]are references to state penal and civil codes provide no basis for creating federal question jurisdiction."), *R. & R. adopted by* 2020 WL 4596771 (N.D. Tex. Aug. 11, 2020).

In sum, even affording Plaintiff's complaint a liberal construction, he has not demonstrated that the Court has subject-matter jurisdiction. The undersigned therefore recommends that the district judge dismiss this action without prejudice for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) (directing that "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction, the court must dismiss the action." (emphasis added)).

**3. Plaintiff's motion for recusal should be denied.**

The undersigned recommends dismissal despite Plaintiff's pending "motion for a new judge and magistrate judge."[2] Dkt. No. 12 at 1 (citation modified). Plaintiff requests different district and magistrate judges in his eight pending civil cases before this Court, including this case. *Id.* Liberally construed, Plaintiff seeks recusal pursuant to either 28 U.S.C. § 455 and/or 28 U.S.C. § 144. The district judge should deny the motion to recuse in this case.

Section 455 requires "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."

[2] Plaintiff also says that he is "filing a motion to discover," but he provides no specific facts regarding the discovery he seeks. Dkt. No. 12 at 1 (citation modified). The undersigned therefore only construes the motion as one requesting recusal.

§ 455(a), (b)(1). "Th[e] recusal standard is objective; the relevant inquiry is whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (internal quotation marks and citation omitted). Similarly, § 144 provides that a movant may seek to disqualify a judge based on personal bias or prejudice if the movant files a timely and sufficient affidavit supplying "the facts and the reasons for the belief that bias or prejudice exists."

Plaintiff's motion appears to be based on his frustration with the pace of proceedings and the rulings in his cases thus far. *See* Dkt. No. 12. However, Plaintiff provides no facts that implicate the impartiality, bias, or prejudice of the judges overseeing this case. The undersigned therefore recommends that the district judge deny the motion. *See Suber-Wilson v. United States*, No. SA-21-CV-752-XR, 2023 WL 1870930, at *3 (W.D. Tex. Jan. 9, 2023) (providing that "[a] litigant's dissatisfaction with a judge's rulings is no basis for recusal or removal of a judge"); *Woodards v. Texas*, No. 1:19-CV-00243-H-BU, 2020 WL 13860618, at *3 (N.D. Tex. July 28, 2020) (denying motion requesting new judge when plaintiff provided "no valid grounds or factual support for disqualification or recusal"); *Tehuti v. Smith*, No. 3:21-CV-00370-X (BT), 2021 WL 11719864, at *1 (N.D. Tex. June 24, 2021) (same).

**4. The undersigned recommends dismissal without prejudice.**

Based on the foregoing, the undersigned **RECOMMENDS** that the United States District Judge dismiss Plaintiff's amended complaint and all claims therein without prejudice for lack of subject-matter jurisdiction. The undersigned further

**RECOMMENDS** the district judge deny the motion for recusal. Dkt. No. 12. Accompanying this recommendation, the undersigned also **RECOMMENDS** that the district judge deny the following motions as moot: (1) motion for indictment and discovery, Dkt. No. 13; and (2) motion for order appointing ad litem and notice of hearing. Dkt. No. 14.

**5. The parties have the right to object.**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 18, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**